IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CR-62-H
No. 7:14-CV-99-H

JUAN ANTONIO ACEVEDO-
HERRERA,
    Petitioner,

v.

UNITED STATES OF AMERICA
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss. Petitioner has not responded to the government's motion, and the time for further filing has expired. This matter is ripe for adjudication.

### BACKGROUND

On May 7, 2012, petitioner pled guilty, without a written plea agreement, to illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This court sentenced petitioner to a term of imprisonment of 70 months on September 2, 2012. Petitioner appealed his sentence to the Fourth Circuit Court

of Appeals. By order dated April 1, 2013, the Fourth Circuit affirmed petitioner's conviction and sentence. On May 19, 2014, petitioner filed the instant motion to vacate.

## COURT'S DISCUSSION

Petitioner's motion alleges that his trial counsel was ineffective for failing to pursue a "fast track" reduction in his sentence pursuant to U.S.S.G. § 5K3.1 and alleges that appellate counsel was ineffective for failing to argue that trial counsel was ineffective.

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"Counsel are afforded a strong presumption that their performance was within the extremely wide range of professionally

2

competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000). This court will not second guess the strategic or tactical decisions of petitioner's trial defense counsel. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." Strickland, 466 U.S. at 689.

Petitioner has not alleged facts showing that his counsel was ineffective. As detailed in the government's brief, petitioner's counsel did not enter the case until after he was indicted, and the "fast track" policy memo was not issued until after petitioner was indicted. Finally, petitioner's criminal history rendered him ineligible for the "fast track" program per the policy of the Attorney General. Because petitioner was not eligible to participate in a fast track program, trial counsel was not ineffective for failing to raise this issue. Likewise, because petitioner was not eligible, his appellate counsel was not ineffective for not raising it on appeal.

Petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by any ineffective assistance of counsel. Therefore, the government's motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss

[DE #52] is GRANTED, and petitioner's § 2255 motion [DE #48] is DISMISSED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 17th day of May 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26